Mr. Roy Harris County Auditor Gregg County Courthouse Longview, Texas, 75606
Re: Whether article 2350o, V.T.C.S., relating to car allowances for members of the commissioners court was repealed by article 3912k, V.T.C.S.
Dear Mr. Harris:
You have requested our opinion regarding the interpretation of articles 2350o and 3912k, V.T.C.S., both of which pertain to expense allowances for county officials. Article 2350o provides that for counties of the population of Gregg County, each member of the commissioners court is entitled to $100 per month for "traveling expenses and depreciation on his automobile while on official business within the county." V.T.C.S. art. 2350o, § 2. It is our opinion that article 3912k repeals article 2350o and that the commissioners court is free to establish any level of automobile expense allowances for members of the commissioners court so long as such allowances are reasonably related to official county business. Article 3912k appears below in part:
 [T]he commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds. . . .
V.T.C.S. art. 3912k, § 1.
Article 2350o was first enacted in 1959. Acts 1959, 56th Leg., ch. 221, at 502. In 1971 section 3 was amended to increase the car allowance in counties with a population over 124,000 from $125 to $300. Acts 1971, 62nd Leg., ch. 811, § 1 at 2489 (this is not reflected in the reported statutes). The same legislation also repealed section 4 of article 2350o which had set the car allowances in counties with a population over 600,000 at $150. Acts 1971, 62nd Leg., ch. 811, § 2 at 2489. These amendments were passed during the same session of the legislature at which article 3912k was first adopted, including its repealer provision:
 To the extent that any local, special, or general law, including Acts of the 62nd Legislature, Regular Session, 1971, prescribes the compensation, office expense, travel expense, or any other allowance for any official or employee covered by this Act, that law is repealed.
Acts 1971, 62nd Leg., ch. 622, § 8, at 2019. Because 2350o prescribes the travel expense or allowance for county commissioners, it was repealed in 1971. In 1981, however, the legislature enacted a law which updated various population bracket bills — a provision of which purported to repeal article 2350o, section 3, which we have concluded was repealed ten years earlier. One might infer, therefore, that the portions of article 2350o not expressly repealed were still in effect. Acts 1981, 67th Leg., ch. 237, § 145, p. 559, 599. Chapter 237 also provided, however, that it was "not intended to revive a law that was impliedly repealed by a law enacted by the 66th Legislature or a previous legislature." Id., § 146(a) at 600. As we have stated, article 2350o was repealed in 1971 by the enactment of article 3912k, and there has been no action by the legislature to revive or reenact its provisions. Cf. Code Construction Act, article 5429b-2, V.T.C.S., § 3.10 ("The repeal of a repealing statute does not revive the statute originally repealed nor impair the effect of any saving provision in it.").
You also ask whether Gregg County may provide gasoline and routine automotive supplies for use by county officials in private automobiles. We believe that the county may provide gasoline and automotive supplies for personal vehicles used in county business, instead of providing ordinary mileage. The county officer may receive only the amount of gasoline or pro rata part of automotive supplies actually used in county business. The county auditor may require documentation and affidavits which will establish to his satisfaction that the expenses result from county business. See V.T.C.S. art. 1651 (general oversight of county finances and an obligation to see to the "strict enforcement" of the laws); V.T.C.S. art. 1663a (criminal penalty for failure to comply with auditors' request for information). Thus, not every expense allowance is within the discretion of the county official but each expense must be fixed by the commissioners court subject to the limitations described herein. See Attorney General Opinions MW-121 (1979) (hospital official not entitled to unlimited use of credit card to purchase gasoline for personal automobile); H-152 (1973) (automobile allowance for county court at law judge must be related to official travel); H-992 (1977) (lump sum monthly travel allowance must have some basis in fact; travel between home and office not official business); V.T.C.S. art. 2372h-5 (further authority to provide for travel allowance); V.T.C.S. art. 3899 (expense accounts).
 SUMMARY
County officials may be reimbursed with in kind allowances for travel expenses actually incurred while on county business. The commissioners court of Gregg County may fix the amount of travel expense allowed to members of the commissioners court so long as the allowance is reasonably related to official county business.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by David Brooks Assistant Attorney General